## FLENNIKEN v. BUCHANAN.

A complaint alleged that G. was lawfully seized and possessed of a tract of land which she rented to K. for one bale of cotton, and that the interests and claims of G. and K. in the cotton made upon said land had been assigned to plaintiff for valuable consideration; that the sheriff had seized such cotton under warrant issued by the clerk of court at the instance of B., to enforce an alleged lien; that the defendants, the sheriff and B., unjustly detain said cotton, after demand made therefor by plaintiff; and judgment was asked for the cotton so seized, or for sixty dollars, its value, and for ten dollars damages. *Held,* that the complaint stated facts sufficient to constitute a cause of action.

Before ALDRICH, J., Fairfield, February, 1884.

The opinion states the case.

*Mr. J. E. McDonald,* for appellant.

*Mr. Edgar C. Haynsworth,* contra.

September 20, 1884.   The opinion of the Court was delivered by

MR. JUSTICE McIVER.   The Circuit judge in this case sustained a demurrer upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and rendered judgment dismissing the complaint.   The only question raised by the appeal, therefore, is, whether the complaint does state facts sufficient to constitute a cause of action.

For the determination of this question we are bound to assume the truth of all the material allegations of the complaint.   These allegations, in substance, are as follows : That on January 1, 1883, Mrs. Anna S. Gradick rented to one Tobias Kennedy a tract of land, of which she was lawfully seized and possessed, Kennedy agreeing to pay her as rent, on November 1, 1883, one bale of cotton, weighing four hundred and eighty pounds; that on September 29, 1883, "six hundred pounds of lint cotton, made and cultivated upon the premises leased by the said Tobias Kennedy from the said Anna S. Gradick," were seized and taken into his possession by the defendant, McCarley, as sheriff, by virtue of a warrant issued by the clerk of the court "under an alleged statutory lien for rent," issued at the instance of the other defendant, Buchanan; "that the respective interests and claims of the above named Tobias Kennedy and Anna S. Gradick in and upon the cotton and produce so seized have been duly assigned, for valuable consideration, to D. R. Flenniken, the plaintiff in this action;" and that the defendants, after demand therefor, still unjustly detain the said cotton, the value of which is sixty dollars, to the damage of the plaintiff ten dollars.

The legal effect of these allegations are, first, that Mrs. Gradick was the legal owner, and entitled to the possession of the land in January, 1883, for that is the plain meaning of the terms "lawfully seized and possessed"; second, that as such owner she

leased the premises to Kennedy, who thereby became entitled to the produce made on the place—the legal owner of it—(in the absence of any showing to the contrary, and there is no such showing here) subject to the lien of Mrs. Gradick for rent; third, that defendants, under some "alleged" statutory lien for rent (by whom given does not appear), seized six hundred pounds of the cotton made on the said premises, and upon demand "*unjustly*" refuse to deliver it up to the plaintiff, who had bought the "interests and claims" of both Kennedy and Mrs. Gradick.

It is difficult for us to understand why these allegations are not a sufficient statement of a cause of action. It is true that there is no allegation, in so many words, that the plaintiff is the owner of the cotton, but that is necessarily implied from the allegations which are made. Kennedy having leased the premises from the legal owner, was unquestionably entitled, in the absence of any showing to the contrary, to the produce grown thereon; and when he sold his interest to the plaintiff, his right to the cotton in question passed to the plaintiff, who would have held the same subject to the lien of Mrs. Gradick; but as she too assigned her claim to the plaintiff, he thereby became the absolute owner of the cotton, until some one else is shown to have a superior title, or some lien which would justify its seizure; and this does not appear in the complaint. All that there appears is that the cotton was seized under an alleged statutory lien for rent, but by or to whom is not stated, though the inference would probably be that it was claimed to be due to the defendant, Buchanan. But whether there was in fact any such lien as alleged, and whether it covered the cotton in question, does not appear in the complaint; and if so, these facts must be made to appear by way of defence.

But without discussing the question further, we think the case of *Childers* v. *Verner & Stribling*, 12 *S. C.*, 1, is conclusive. Indeed, this case is much stronger in favor of the plaintiff than that. In that case there was not only no distinct allegation of ownership in the plaintiff, but the allegation that she had rented the premises upon which the crop in question was grown could only be inferred by a somewhat strained construction of one of the paragraphs of the complaint; and this, too, notwithstanding

the fact that in preceding paragraphs it was distinctly alleged that the premises had been rented to one McFall, who had employed the plaintiff to work the crop. Yet the court held that, though the complaint was defective in its mode of statement, it was in substance sufficient; and that the defect in the manner of stating the facts constituting the cause of action should have been corrected by motion to make the allegations more distinct, and that the demurrer was improperly sustained by the Circuit Court.

The rule was there laid down, in the language of Pomeroy, as follows : "The true doctrine to be gathered from all the cases is, that if the substantial facts which constitute a cause of action are stated in a complaint or petition, or can be inferred by reasonable intendment from the matters which are set forth, although the allegations of these facts are imperfect, incomplete, and defective, such insufficiency pertaining, however, to the form rather than to the substance, the proper mode of correction is, not by demurrer, nor by excluding evidence at the trial, but by a motion before the trial to make the averments more definite and certain by amendment." Applying this rule to the case now under consideration, we think the Circuit judge erred in sustaining the demurrer.

The judgment of this court is that the judgment of the Circuit Court be reversed and that the case be remanded to that court for a new trial.